**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dave Hawkins, et al., | ) | No. CV-08-1121-PHX-LOA |
| | ) | |
| Plaintiffs, | ) | **AMENDED** |
| | ) | **SCHEDULING ORDER** |
| vs. | ) | |
| | ) | |
| American Family Mutual Insurance Company. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This is the time set for the rescheduled informal Rule 16 scheduling conference. Plaintiffs are represented by counsel, Michael H. Orcutt. Defendant is represented by counsel, Lynn M. Allen. Court reporter is not present.

      All parties have expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636 (c) and Rule 73, Fed.R.Civ.P., with the approval of United States District Judge Mary H. Murguia. (docket # 15)

      Informal discussions are held regarding the Court's case management practices, the importance of strict compliance with the Rule 16 deadlines, and the opportunity for an early settlement conference before another magistrate judge provided some preliminary discovery has been completed of key parties and witnesses to ensure that an early settlement conference is more meaningful. The Court and counsel discuss in detail the initial Rule 16 Scheduling Order, docket # 16, issued by the formerly-assigned District Judge. Counsel

1  confirm that both sides have complied with FED.R.CIV.P. 26(a)'s initial disclosures as
2  ordered.
3          Counsel shall comply with the Electronic Case Filing ("ECF") Administrative
4  Policies and Procedures' Manual and, in particular, General Policy B(4), so that the Court
5  or chamber's staff may copy and paste from any motion.[1] It is only exhibits, such as,
6  insurance documents, police and medical records, and similar documents not prepared by
7  counsel of record that may be scanned into the ECF system. When such documents are
8  scanned in, the Court is unable to copy and paste portions thereof into an order.
9          Counsel stipulate and agree to the following modifications to the initial Rule
10 16 Scheduling Order.
11         Pursuant to stipulation and good cause appearing,
12         **IT IS ORDERED** vacating in its entirety paragraph 8 of the initial Rule 16
13 Scheduling Order, docket # 16 at 4 - 5, subject to resetting the dates for filing motions *in*
14 *limine*, the final Pretrial Order and Conference and jury trial after completion of all discovery
15 or after the Court's ruling on any and dispositive motions. The first sentence of paragraph
16 6(a) only and paragraph 4(a) are vacated. *Id.* at 3.
17         The Court hereby modifies the dates **only** of the initial Rule 16 Scheduling
18 Order, docket # 16 as follows:
19         1.  Paragraph 2 to **Monday, November 3, 2008** regarding joining parties or
20 amending pleading.[2] *Id.* at 1.

---

[1] B.  General Policies:
> 4. Documents submitted for filing in the ECF system must be in a Portable Document Format (.pdf). Documents which exist only in paper form may be scanned into .pdf for electronic filing. All electronic documents must be converted to .pdf directly from a word processing program (e.g., Microsoft Word® or Corel WordPerfect®) and must be text searchable.

ECF Manual, General Policies, (B)(4), at 3.

[2] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the

1          2. Paragraph 4 to **Wednesday, July 15, 2009** regarding the completion of all
2  discovery, including discovery of expert witnesses. *Id*. at 2.
3          3. Paragraph 5(a) to **Friday, January 16, 2009** regarding disclosure of
4  Plaintiffs' expert(s) and Rule 26(a)(2)(B), Fed.R.Civ.P., report(s); paragraph (5)(b) to
5  **Friday, February 20, 2009** regarding disclosure of Defendant's expert(s) and Rule
6  26(a)(2)(B), Fed.R.Civ.P., report(s); and  paragraph (5)(c) to **Friday, March 20, 2009**
7  regarding disclosure of Plaintiffs' true rebuttal expert(s) solely to contradict or rebut
8  Defendants' expert witness(es) and  Rule 26(a)(2)(C), Fed.R.Civ.P., rebuttal report(s). *Id*.
9  at 3. Paragraph 5(d) is vacated in its entirety.

        Each testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case, such as, a treating physician, or if the expert is an employee of the calling party, such as, a concrete expert, shall provide a written report to the adverse party setting forth the, at least, the requirements dictated by Rule 26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

        Any expert witness not timely disclosed will not be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for

---

Rule 15(a) standard). In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:
> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

1 deposition. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th Cir. 2004);
2 Rule 37(c)(1), FED.R.CIV.P.

3     4. Except for impeachment evidence, disclosure of all known trial witnesses,
4 exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P. and supplementation of all
5 responses to formal discovery requests pursuant to Rule 26(e), Fed.R.Civ. P. by **Monday,**
6 **June 1, 2008**.[3] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.
7 2001); *Wegener v. Johnson*, 527 F.3d 687, 691 (8th Cir. 2008).

8     5. Paragraph 7(a)'s dispositive motion deadline to **Monday, August 17, 2009**.
9 *Id* at 4.

10     All other orders set forth in the initial Rule 16 Scheduling Order are hereby
11 **AFFIRMED**.

12     Stipulations extending the time for the doing of any act required by the Court
13 or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval.
14 LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine
15 1985)(good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*,
16 42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken
17 seriously"). These **deadlines are real**. The parties are advised that the Court intends to
18 enforce the deadlines set forth in this and the original Scheduling Order. Counsel should plan
19 their litigation activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006
20 WL 2573201 *1 (D. Ariz. 2006). Continuances of these deadlines may be granted only upon
21 a showing of good cause and by leave of the assigned trial judge. Settlement negotiations,
22 however, do not constitute good cause.

---

[3] The parties are on notice that this order supercedes the "30 day before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

**IT IS FURTHER ORDERED** that each side is limited to only one motion for summary judgment that complies with the Local Rule's page limitations[4] unless express prior leave of the Court is granted for good cause shown.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2007, and the Standards of Professional Conduct. The District's Local Rules and Standards may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/.

**IT IS FURTHER ORDERED** that counsel shall use the following caption, number and initials on all further pleadings or documents filed herein until further order of the Court, to wit: No. CV-08-1121-PHX-LOA.

DATED this 28th day of August, 2008.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

[4] See, LRCiv 7.2(e).

- 5 -